MEMORANDUM ***
Defendant-Appellant United Fire & Casualty Co. (“United Fire”) appeals the award of summary judgment in favor of Plaintiff-Appellee Judith Newman, as Personal Representative of the Estate of Kar-lye Newman (“Newman”), in an insurance-coverage action. First, we hold that Montana law applies pursuant to Mitchell v. State Farm Insurance Co., 315 Mont. 281, 68 P.3d 703 (2003), and Mont. Code Ann. § 28-3-102.
Second, we recognize that the endorsement in the commercial general liability policy titled “LIMITATION OF COVERAGE TO DESIGNATED PREMISES OR PROJECT” and the similar endorsement in the umbrella policy (collectively, “the Premises Endorsements” and “the Policies”) could be interpreted as limiting coverage to occurrences tied to National Contract Services’ (“National Contract”) St. George, Utah, premises. Such an interpretation, however, would be inconsistent with the Policies’ definitions of the “coverage territory,” which include, inter alia, all of the United States. Reading the Premises Endorsements in light of the Policies as a whole, we hold that the endorsements are reasonably susceptible to two different interpretations, and therefore are ambiguous. See Westchester Surplus Lines Ins. Co. v. Keller Transp., Inc., 382 Mont. 72, 365 P.3d 465, 470 (Mont. 2016). Montana law construes ambiguous provisions “against the insurer and in favor of extending coverage.” Id. We therefore reject United Fire’s argument that the Premises Endorsements limit coverage to incidents that occurred on the St. George premises. Because the Premises Endorsements purport to cover claims “arising out of ... the use of’ the St. George premises, they are sufficiently capacious to include coverage for bodily injury in Montana that flows from or grows out of the use of the St. George premises. See State Farm Mut. Auto. Ins. Co. v. Ferrin, 311 Mont. 155, 54 P.3d 21, 23 (2002) (holding that “the phrase ‘arising out of the use’ is ambiguous,” and interpreting it as “originat[ing] from, or grow[ing] out of, or flow[ing] from”). Thus, United Fire had a duty to defend National Contract in the underlying action.
Third, because United Fire unjustifiably refused to defend National Contract, we hold that it is liable for the full amount of Newman’s judgment against National Contract, including amounts in excess of the Policies’ limits. See Tidyman’s Mgmt. Servs., Inc. v. Davis, 376 Mont. 80, 330 P.3d 1139, 1149 (2014). Finally, we hold that the district court awarded the correct rate of post-judgment interest provided in Mont. Code Ann. § 25-9-205(1). AFFIRMED.

 xh.iS disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.